**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

ANGEL M. RODRIGUEZ-SANTANA, ET AL.,

      Plaintiffs,

        v.                                                    **Civil No. 11-1059 (SEC)**

HOSPITAL PAVIA SANTURCE, ET AL.,

      Defendants.

**OPINION AND ORDER**

Before the Court is the defendants' joint motion to dismiss for lack of prosecution. Docket # 81. After reviewing the filings and the applicable law, the defendants' motion is **GRANTED**.

**Factual and Procedural Background**

This diversity medical malpractice suit, whose underlying facts are irrelevant for present purposes, was filed on January 20, 2011. Docket # 1. After several procedural nuances, including the withdrawal of plaintiffs' former counsel, the plaintiffs were encouraged to retain new legal representation. On November 1, 2012, the record reflects, the Court ordered the plaintiffs to "retain new legal representation." Docket # 69. Over 5 months later, and the Court's leniency notwithstanding, the plaintiffs never retained successor counsel. Instead, the plaintiffs elected to continue pro se. Docket # 86.

On December 28, 2012, the defendants filed a motion to dismiss for lack of prosecution, see Fed. R. Civ. P. 41(b), arguing, among other things, that the plaintiffs have failed to move this case forward by (1) failing to retain an expert and (2) violating court orders. Docket # 81. The Court then gave the plaintiffs until February 12, 2013 to respond, warning them that "failure to oppose will entail dismissal for want of prosecution." Docket # 87. On March 1, and

given the plaintiff's failure to oppose their motion, the defendants filed a motion under Local Rule 7(b), requesting that their motion be deemed unopposed.[1] This motion remains unopposed.

On March 4, and over 3 weeks past the February 12 deadline, the plaintiffs filed a putative response to the pending motion to dismiss, arguing— in one sentence devoid of citations, legal authorities, and reference to the record— that the Court should deny the motion to dismiss, because "the plaintiffs are without legal representation." Dockets # 91-94. The plaintiffs also alleged that they were in the process of retaining an expert witness. Id. On March 5, 2013, the Court noted the plaintiffs' motions, making clear that their "filings [we]re tardy." Docket # 95. The Court also held that the plaintiffs'

> perfunctory filings also fail to address the merits of the . . . defendants' motion to dismiss. The plaintiffs were given ample opportunity to retain new legal representation, but they failed to do so, and the deadline to announce a new causation expert expired on August 9, 2012. See Docket # 60, p. 2. The Court will give the plaintiffs a final chance to comply with D.P.R. Civ. R. 7(a) and duly oppose the motion to dismiss. Id.[2]

The plaintiffs were thus given until March 21  to comply with the aforementioned order. Docket # 95. As of today, however, they have not done so.

Finally, on April 8, 2013, the defendants filed a second motion under Local Rule 7(b), reiterating that their motion to dismiss should be deemed unopposed. Docket # 9. The defendants also correctly point out "that this is plaintiffs' third occasion in which they have failed to comply with court orders exclusively regarding the motion for dismissal; as they have

---

[1] Local Rule 7 (b) provides in pertinent part as follows: "Unless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."

[2] Local Rule 7(a) provides in pertinent part that "[a]ll matters submitted to the Court for consideration shall be presented by written motion filed with the clerk incorporating a memorandum of law, including citations and supporting authorities." See Reyes-Reyes v. Toledo-Davila, 860 F.Supp.2d 152, 157 (D.P.R. 2012); Universal Ins. Co., Inc. v. Warrantech Consumer Prod. Servs., Inc., 849 F. Supp. 2d 227, 237 (D.P.R. 2012).

also failed to comply in numerous occasions with deadlines regarding new legal representation and expert witness matters." Id.

**Standard of Review**

It is beyond dispute that courts can invoke their inherent power together with Fed. R. Civ. P. 41(b) to dismiss a case with prejudice when a party fails to comply with their orders, Vazquez-Rijos v. Anhang, 654 F.3d 122, 127 n. 12 (1st Cir. 2011), and for a plaintiff's failure to prosecute. Pease v. Peters, 550 F.2d 698, 700 (1st Cir.1977) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." (quoting Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962))).[3] This bedrock principle is in line with the axiom that the "[e]ffective administration of justice requires that trial courts possess the capability to manage their own affairs." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)).

Having said this, dismissal with prejudice is no benign sanction, which is why in Enlace Mercantil Internacional, Inc. v. Senior Industries, Inc., 848 F.2d 315, 317 (1st Cir. 1988), the First Circuit made clear that dismissal for want of prosecution is appropriate only when the plaintiff's misconduct has been "extreme." Examples of extreme misconduct include defiance of court orders or ignoring warnings. Chamorro, 304 F.3d at 5 (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)). The typical aggravating circumstance is a "wasteful expenditure of the court's time." Id. (citing Enlace, 848 F.2d at 317); Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) ("[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct." (citing Tower Ventures, Inc. v. City

---

[3] In pertinent part, Rule 41(b) authorizes a district court to dismiss an action "for failure of the plaintiff to prosecute or to comply with . . . any order of the court."

of Westfield, 296 F.3d 43, 46 (1st Cir. 2002))). Moreover, federal courts have also  allowed a

dismissal to be ordered with prejudice in the face of a "clear record of delay or contumacious

conduct" by the plaintiff. Richman v. General Motors Corp, 437 F.2d 196, 199 (1st Cir. 1971);

Gay v. Chandra, 682 F.3d 590, 595 n.2 (7th Cir. 2012) (per curiam); Semulka v. Doe, 373 Fed.

Appx. 138, 140 (3d Cir. 2010).

        Last but not least, prior notice — while not technically a prerequisite to dismissal with

prejudice — is nevertheless an indispensable consideration. See Robson v. Hallenbeck, 81 F.3d

1, 2-3 (1st Cir. 1996) (affirming that "[c]ounsel's disregard of a prior warning from the court

exacerbates the offense, and the lack of warning sometimes mitigates it").

        **Applicable Law and Analysis**

        As a preliminary matter, the Court agrees with the defendants that the plaintiffs waived

their objections to the pending motion, and grants it on that ground. See D.P.R. Civ. R. 7(b) and

note 1 above. Recently, Judge Garcia-Gregory reiterated the effects of failing to oppose a

motion: "Litigants should take note that failure to oppose a motion in the District of Puerto Rico

authorizes the presiding district judge to summarily grant the unopposed motion, 'at least when

the result does not clearly offend equity.'" Rodriguez-Salgado v. Somoza-Colombani, No. 11-

2159, 2013 WL 1403263, at *3 (D.P.R. Mar. 1, 2013) (quoting NEPSK, Inc. v. Town of

Houlton, 283 F.3d 1, 7 (1st Cir. 2002) (to be published in F. Supp. 2d)); see also Gonzalez v.

Hurley Intern. LLC, No. 10-1919, 2013 WL 371766, at * 9 (D.P.R. Jan. 31, 2013) (describing

plaintiff's failure to oppose motion as a "perilous path") (citation and internal quotation marks

omitted)  (to be published in F. Supp. 2d).[4]

        In this case, the plaintiffs failed to oppose the defendants' motion to dismiss for lack of

prosecution within the time allotted by this court. Docket # 87. Although the plaintiffs did file

---

[4]This rule, however is inapplicable to unopposed motions for summary judgment. See Town of
Houlton, 283 F.3d at 7-8.

a "response," it came 3 weeks late. Dockets # 91-94. To cinch matters, their filings were perfunctory at best, see United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990), and also contravened Local Rule 7(b), which provides that "[a]ny objection shall include citations and supporting authorities and affidavits and other documents setting forth or evidencing facts on which the objection is based." Because the plaintiffs appear pro se, however, the Court showed laxness, giving "a final chance . . . to duly oppose the motion to dismiss." Docket # 95. This final extension came and went on March 31, 2013; as of today the plaintiffs have not complied. The plaintiffs' pro se status, to be sure, does not insulate them from complying "with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir.1997); Watson v. Trans Union LLC, 223 F. App'x 5, 6 (1st Cir. 2007) (per curiam) (holding that "while  pro se litigants are  held to a less stringent standard . . . they are not immune" from waiver resulting from undeveloped arguments).

The foregoing suffices to conclude that the plaintiffs waived their objections to the defendant's motion to dismiss for want of prosecution, reason why it is hereby **GRANTED** as unopposed.  For the reasons set forth below, this result "does not clearly offend equity." Town of Houlton, 283 F.3d at 7. The defendants' motions under Local Rule 7(b) (Dockets #88 and 96) are therefore **GRANTED**.

The same conclusion would follow even if the defendants' motion were entertained. Indeed, the defendants' motion to dismiss for lack of prosecution is meritul, as the plaintiffs' repeated violations undermine this court's efforts to manage its docket. See Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir.1990) (indicating that  action may be dismissed with prejudice for lack of prosecution where a plaintiff has disobeyed the court's orders and ignored its warnings); see also, e.g., Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998) (discussing a party's "unflagging duty to comply with clearly communicated case management orders"). Their contumacious behavior  wastes not only this court's time but also that of defense

counsel. The plaintiffs' violations, far from being an isolated incident, comprise a pattern of noncompliances with court orders See, e.g., Minutes of December 4, 2012, Case Management and Settlement Conference, at Docket # 77, p. 1. (D.P.R. Dec.  4, 2012) (relating noncompliances with court orders). Furthermore, the plaintiffs were given a clear and unambiguous notice that the Court "w[ould] not tolerate any future court order violations," (Docket # 95),  and that "failure to oppose w[ould] entail dismissal for want of prosecution." Docket # 87. Although fully briefed on the ramifications of neglecting to duly comply with court orders, the plaintiffs chose to assume that risk. See Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005) ("[A] party flouts a court order at his peril."); see also Adams v. Trs. of the N.J. Brewery Emps. Pension Trust Fund, 29 F.3d 863, 871 (3d Cir.1994) (finding that a party "had adequate opportunity to defend itself against dismissal without such formal notice" where the other party had moved for sanctions). These noncompliances are unacceptable.

        If more were needed, the plaintiffs do not even have a causation expert to prove the defendants' negligence, an almost indispensable requirement in medical malpractice litigation. See, e.g., Torres Nieves v. Hosp. Metropolitano, 998 F. Supp. 127, 137 (D.P.R. 1998) (reviewing the well-known rule that there "is a presumption in Puerto Rico law that the treating physician exercised a reasonable degree of care" and that plaintiff shoulders burden to rebut the presumption "through expert witness testimony") (citations and internal quotation marks omitted). And precisely because of this grave deficiency, it would be unfair to  keep holding the defendants hostage to the plaintiffs' dilatory behavior. Cf. Fed. R. Civ. P. 1 (the rules should be interpreted "and administered to secure the just, speedy and inexpensive determination of every action"). It bears emphasis that, back in November 8, 2006, the plaintiffs filed an identical action against the same defendants. That suit, docketed as Civ. No. 06-2122 (DRD), was dismissed without prejudice on January, 21, 2010 at the plaintiffs' behest. Docket # 81-1, p. 1. Notably, the court elected to dismiss the case without prejudice after denying the plaintiffs'

"request for continuance of trial," making clear that "the delay in the litigation . . . was triggered by plaintiffs' <u>expert witness' unavailability to be deposed prior to the trial date</u>." Id. (emphasis added). The court also denied the defendants' request for imposition of costs and attorney's fees. Id. The instant complaint was filed almost a year later in January 2011.In short, the fact that after 6 years of mounting costs of litigation, the defendants are still facing uncertainty about the outcome of this litigation is beyond the pale. See <u>Xiong v. Fresno County Economic Opportunities</u>, 36 Fed.Appx. 630, 631 (9th Cir. 2002) (affirming district court's finding that "risk of prejudice to the defendants weighed in favor of dismissal because the plaintiffs' action caused the defendants to wait unnecessarily 'in limbo' and to expend further time and money to monitor the action").

The Court reiterates that the plaintiffs "have indeed failed to move this case forward." Docket # 77, p. 1. Dismissal with prejudice for want of prosecution, therefore, is in order. While the Court is inherently disinclined to impose this harsh sanction in view of well-known "general policy favoring adjudication on the merits," this concern is outweighed by plaintiffs' pattern of noncompliances and failures to move this case forward, and by the necessity "to maintain institutional integrity . . . ." <u>Starski v. Kirzhnev</u>, 682 F.3d 51, 55 (1st Cir. 2012).

**Conclusion**

For the reasons stated, the defendants' motions are **GRANTED**. This case is therefore **DISMISSED with prejudice** for want of prosecution.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of April, 2013.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge

**Civil No. 11-1059 (SEC)**                                                    **Page 8**